JOSHUA D. HURWIT, IDAHO STATE BAR NO. 9527
UNITED STATES ATTORNEY
CHRISTOPHER A. BOOKER, IDAHO STATE BAR NO. 7672
ASSISTANT UNITED STATES ATTORNEY
ROBERT B. FIRPO, CALIFORNIA STATE BAR NO. 243991
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
1290 W. MYRTLE ST. SUITE 500
BOISE, ID 83702-7788
TELEPHONE: (208) 334-1211
FACSIMILE: (208) 334-1413

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> TIMBER LAVERAL ROBERTS, <br><br> Defendant. | Case Nos. 1:23-cr-00053-DKG <br> 1:23-mj-00108-DKG <br><br> **RULE 11 PLEA AGREEMENT** |

Rev. March 2022

I.  **GUILTY PLEA**

A.  **Summary of Terms.**  Pursuant to Federal Rules of Criminal Procedure 11(c)(1)(A) and (B), the Defendant, the attorney for the Defendant, and the Government[1] (collectively, the Parties) agree to the following:

1.  The Parties agree that the Government will file an Amended Information against Defendant Timber Roberts that will supersede the Information filed on February 17, 2023. The Amended Information will include all the same counts as the February 17, 2023, Information, but will also include a new count eight. Count eight will charge Defendant with misdemeanor assault on a federal officer in violation of 18 U.S.C. § 111(a). The Government has also charged Defendant with additional counts in a Criminal Complaint in case number 1:23-mj-00108-DKG.

2.  The Defendant will plead guilty to counts one, seven, and eight of the Amended Information in case number 1:23-cr-00053-DKG, and count two of the Criminal Complaint in case number 1:23-mj-00108-DKG. Count one of the Amended Information charges Defendant with Camping on BLM public lands for longer than allowed in violation of 43 C.F.R. § 8365.1-2(a); count seven of the Amended Information charges Defendant with Threatening, Intimidating and/or Interfering with a Forest Officer in violation of 36 C.F.R. § 261.3(a); and count eight of the Amended Information charges Defendant with assault on a federal officer in violation of 18 U.S.C. § 111(a). Count two of the Criminal Complaint charges Defendant with Camping on Forest Service lands for longer than allowed in violation of 36 C.F.R. § 261.58(a).

Defendant's plea to counts one, seven, and eight of the Amended Information and count two of the Criminal Complaint is voluntary and did not result from force, threats, or promises,

---

[1] The word "Government" in this agreement refers to the United States Attorney for the District of Idaho.

**Plea Agreement**  1  Rev. March 2022

other than any promise made in this agreement. Upon acceptance of the Defendant's guilty plea, and the Defendant's full compliance with the other terms of this agreement, the Government will dismiss, under Federal Rule of Criminal Procedure 11(c)(1)(A), counts two, three, four, five and six of the Amended Information as to this Defendant and, under Federal Rule of Criminal Procedure 11(c)(1)(B), will recommend that a sentence of imprisonment only be imposed on count two of the Criminal Complaint in order to ensure credit for time served. In 1:23-cr-00053-DKG, the Government will recommend a probation period for three years. The Government further agrees to dismiss Counts one and three in the Criminal Complaint filed in case number 1:23-mj-00108-DKG, as to Defendant Timber Roberts. Finally, the Government agrees that it will not seek an Indictment charging the Defendant with a felony violation of 18 U.S.C. § 115(a)(1)(B) based upon threats made to a federal law enforcement officer, or an Indictment charging the Defendant with a felony assault on a federal officer in violation of 18 U.S.C. § 111(b).

      B.    **Oath.** The Defendant will be placed under oath at the plea hearing. The Government may use any statement that the Defendant makes under oath against the Defendant in a prosecution for perjury or false statement.

## II.  WAIVER OF CONSTITUTIONAL RIGHTS AT TRIAL

The Defendant waives the following rights by pleading guilty pursuant to this agreement: 1) the right to plead not guilty to the offense charged against the Defendant and to persist in that plea; 2) the right to a trial by jury, at which the Defendant would be presumed innocent and the burden would be on the Government to prove the Defendant's guilt beyond a reasonable doubt; 3) the right to have the jury agree unanimously that the Defendant was guilty of the offense; 4) the right, at trial, to confront and cross-examine adverse witnesses; 5) the right to present evidence and to compel the attendance of witnesses; and 6) the right not to testify or present evidence

without having that held against the Defendant. If the Court accepts the Defendant's guilty plea, there will be no trial.

**III.   NATURE OF THE CHARGES**

    A.   **Elements of the Crimes.**

**COUNT ONE (of the Amended Information).** The elements of the crime of Camping on Bureau of Land Management (BLM) lands Longer than Allowed are as follows:

    1.    A BLM authorized officer limited the period of time a person can camp on BLM lands, and;

    2.    Defendant camped on BLM lands for a period longer than allowed by the authorized officer.

**COUNT SEVEN (of the Amended Information).** The elements of the crime of Threatening, Intimidating and/or Interfering with a Forest Officer as charged in count seven of the Amended Information, are as follows:

    1.    Defendant threatened, resisted, intimidated, or interfered with,

    2.    A forest officer,

    3.    While the forest officer was engaged in or on account of the performance of his official duties in the protection, improvement, or administration of the National Forest System.

**COUNT EIGHT (of the Amended Information):** The elements of the crime of Assaulting, resisting, or impeding certain officers or employees in violation of 18 U.S.C. § 111(a) are as follows:

    1.    Defendant forcibly assaulted a federal employee or officer, and

    2.    Defendant did so while the federal employee or officer was engaged in, or on account of, his or her official duties.

**COUNT TWO (of the Criminal Complaint):** The elements of the crime of Camping on Forest Service lands for a Period Longer than Allowed are as follows:

1. The Forest Service issued an order limiting camping on Forest Service lands, and

2. Defendant camped on Forest Service lands for a period longer than allowed by the Order.

B.  **Factual Basis.**  The Defendant admits the following facts are true:

On May 29, 1992, the Bureau of Land Management Idaho Associate State Director issued an Order, published in the federal register, limiting camping on BLM public lands to a period of not more than 14 days within any period of 28 consecutive days. The Associate State Director was an authorized officer delegated the authority to issue the Order limiting camping. BLM issued the Order limiting camping to reduce the incidence of long-term occupancy trespass on public lands within the State of Idaho and to reduce user conflicts that result from long-term camping.

From approximately April 2022 through October 20, 2022, the Defendant camped on BLM public lands off Kuna-Mora Road and near the Blacks Creek shooting range. Defendant's seven-month stay on BLM public lands violated the BLM's Order limiting the length of time someone can camp on BLM lands. During this time Defendant rendered the lands in and around the camp unusable by other members of the public.

Defendant knew that BLM limited the length of time a person could camp on BLM public lands before setting up the camp on BLM lands near the Blacks Creek Shooting range. BLM law enforcement also educated Defendant several times about the law while Defendant was unlawfully camped on BLM lands. Nevertheless, Defendant stayed on BLM public lands in defiance of the law. Ignoring the law and BLM's warnings to vacate, Defendant told law

enforcement that because he and his family were possessing the land, it was theirs. "I'm sorry to say, but possession is 9/10ths of the law," Defendant said. Defendant later told law enforcement that he "will not obey the 14-day [camping] limit because it is not in the constitution or declaration of independence."

On May 16, 2022, the Forest Supervisor for the Payette National Forest issued an Order limiting camping on Forest Service lands within the Payette National Forest. The Order prohibited camping within the same five-mile radius for more than 14 days in any 30 consecutive days. The Forest Service issued the order "to address competition for campsites and to protect public safety and natural resources." In addition, the Forest Service limited camping to address public concern, as Forest Service offices "receive calls each year with complaints about long-term occupancy of campsites, including gear and equipment left at sites."

After departing BLM public lands in October 2022, Defendant moved to Forest Service public lands on the Payette National Forest where he and his family set up a new camp in the West Face Trailhead parking lot outside McCall, Idaho. Defendant remained camped at that site for more than 14-days, in violation of Forest Service camping laws and orders of the Forest Supervisor.

After discovering Defendant and his family camped unlawfully on Forest Service lands, Forest Service law enforcement began to investigate Defendant's conduct with the cooperation of BLM law enforcement.

On November 17, 2022, Forest Service and BLM law enforcement approached Defendant's camp in the West Face Trailhead parking lot. After law enforcement knocked and announced their presence, Defendant exited his trailer and spoke to the law enforcement officers who were engaged in their official duties in the protection and administration of National Forest System lands. Among other things, Defendant said the following: "Leave us the fuck alone or

somethings going to happen bad;" "You touch our stuff, things are going to badly happen;" "Touch our shit and someone's going to go down bad." These comments threatening harm on the law enforcement officers threatened, intimidated, and interfered with the law enforcement officers while they were engaged in their official duties. Both law enforcement officers that were present were "forest officers" under the Forest Service regulations.

On December 23, 2022, Forest Service law enforcement again approached Defendant's camp in the West Face Trailhead parking lot. Law enforcement approached Defendant and Defendant began talking about a BLM law enforcement officer, who was not present, stating that the BLM officer was "stalking" him and committing "treason," which Defendant said was a "hanging offense." Defendant continued talking to Forest Service law enforcement about the BLM law enforcement officer stating that, "[t]his is my hometown, he's not kicking us out of our hometown. That's the end. He's about to get his ass majorly hurt with booby traps." Defendant's comments on December 23, 2022, threatened, intimidated, and interfered with law enforcement in the engagement of their official duties in the protection and administration of forest service lands. The threats to place booby traps changed the way law enforcement interacted with Defendant and his family, and Defendant made the threats to interfere with law enforcement efforts to investigate and resolve a crime. Defendant also made the threats to intimidate and discourage law enforcement from enforcing laws and trying to move Defendant from his unlawful camp.

On May 19, 2023, United States Forest Service law enforcement arrested Defendant on a criminal complaint filed in case number 1:23-mj-00108-DKG. After arresting Defendant and being placed in handcuffs, Forest Service law enforcement detained Defendant in the back of a marked law enforcement vehicle. Defendant knew that he was in custody and that law enforcement were engaged in their official duties at that time.

While he was detained in the back of the law enforcement vehicle, Defendant asked law enforcement for a drink of water. When the federal officer responded that he would provide Defendant with a drink of water in a "minute," Defendant replied, "Now you fucking servant!" The federal officer thereafter asked Defendant to look forward, whereupon Defendant stated, "Fuck you. Don't give me an order. I already told you that. Fucking cockroach, that needs to be squashed." The officer thereafter produced a bottle of water, lifted the bottle to Defendant's mouth, and allowed Defendant to take a drink. After getting that drink, Defendant yelled, "A little bit more you fuck!" The officer thereafter lifted the water bottle to Defendant's mouth a second time to allow Defendant an additional drink of water, at which point Defendant took the water into his mouth, and then, instead of swallowing, intentionally spit the water into the assisting officer's face.

### IV.   SENTENCING FACTORS

#### A.   Penalties.

**COUNT ONE (of the Amended Information).** The crime of Camping on BLM lands Longer than Allowed as charged in count one of the Amended Information, is punishable by:

1. Up to one-year imprisonment;
2. Up to a $100,000 fine;
3. Up to five-years probation;
4. Not more than one year of supervised release; and
5. A $25 special assessment.

**COUNT SEVEN (of the Amended Information).** The crime of Threatening, Intimidating and/or Interfering with a Forest Officer as charged in count seven of the Amended Information, is punishable by:

1. Up to six-months imprisonment,

      2.      Up to a $5,000 fine;

      3.      Up to five-years probation;

      4.      Not more than one year of supervised release; and

      5.      A $10 special assessment.

**COUNT EIGHT (of the Amended Information).** The crime of Assaulting a federal officer in violation of 18 U.S.C. § 111(a) as charged in count eight of the Amended Information, is punishable by:

      1.      Up to one-year imprisonment,

      2.      Up to a $100,000 fine,

      3.      Up to five-years probation;

      4.      Not more than one year of supervised release, and

      5.      A $25 special assessment.

**COUNT TWO (of the Criminal Complaint).** The crime of Camping on Forest Service lands Longer than Allowed as charged in count two of the Criminal Complaint, is punishable by:

      1.      Up to six-months imprisonment,

      2.      Up to a $5,000 fine;

      3.      Up to five-years probation;

      4.      Not more than one year of supervised release; and

      5.      A $10 special assessment.

    B.    **Imprisonment.** The Court may impose a term of imprisonment at sentencing. The Government agrees to request a term of imprisonment only on count two of the criminal complaint, which offense carries a six-month maximum sentence. The Government agrees not to seek a term of imprisonment on counts one, seven or eight of the Amended Information.

C. **Probation.** The Defendant agrees to not object to a three-year sentence of probation. He further agrees that one of the terms of his probation will be that Defendant will not enter National Forest System ("NFS") or Bureau of Land Management ("BLM") lands for the purpose of recreation, camping, or living. This prohibition includes all National Forests and BLM Public Lands in the United States. Any violation of this term of probation may result in additional sanctions being imposed by the Court.

D. **Fines and Costs.** The Court may impose a fine. No agreement exists as to its amount. The Court may also order the Defendant to pay the costs of imprisonment, probation, and supervised release.

E. **Special Assessment.** The Defendant will pay the special assessment(s) before sentencing and will furnish a receipt at sentencing. Payment will be made to:

> The United States District Court, Clerk's Office
> Federal Building and United States Courthouse
> 550 West Fort Street, Fourth Floor
> Boise, Idaho 83724

F. **Restitution.**

In addition to paying any forfeiture, fine, and costs imposed, the Defendant also agrees to pay, and be ordered to pay, restitution as set forth herein.

1. Defendant agrees to pay, and be ordered to pay, restitution equal to the full cost to clean up trash and other debris from the campsite located on BLM public lands off Kuna-Mora Road and near the Blacks Creek shooting range. The Defendant agrees to pay restitution in the sum of $1,648 to the following victim: Bureau of Land Management. *See* 18 U.S.C. § 3663(a)(3). This amount shall be paid joint and severally with co-Defendants Brooks Roberts and Judy Roberts.

2. All monetary penalties imposed by the Court, including restitution, will be due immediately and can immediately be enforced by the Government (whether through 18

U.S.C. § 3613 or otherwise). The Defendant agrees that the payment schedule or plan is neither the only method, nor a limitation on the methods, available for enforcing the judgment. It is simply a schedule or plan for minimum payments. The Defendant is aware that voluntary payment of restitution prior to adjudication of guilt is a factor the Court can consider if the Defendant has accepted responsibility under USSG § 3E1.1.

V.     **UNITED STATES SENTENCING GUIDELINES**

   A.     **Application of Sentencing Guidelines.** The Court must consider the sentencing guidelines in determining an appropriate sentence under 18 U.S.C. § 3553 when sentencing Defendant on Counts One and Eight in the Amended Information. The Defendant agrees that the Court may consider "relevant conduct" in determining a sentence pursuant to USSG § 1B1.3. The sentencing guidelines do not apply to sentencing on Count Seven of the Amended Information, and Count Two of the Criminal Complaint, both of which are class B misdemeanors. *See* USSG § 1B1.9.

   The Court is not a party to this agreement and the agreement does not bind the Court's determination of the sentencing guidelines range. The Court will identify the factors that will determine that range under the relevant guidelines manual. The Court has complete discretion to impose any lawful sentence, including the maximum sentence possible.

   Recognizing that this agreement does not bind the Court, the parties agree to the recommendations and requests set forth below.

   B.     **Sentencing Guidelines Recommendations and Requests.**

      1.     **Government's Statements at Sentencing.** The Government reserves the right to allocute fully at sentencing regarding any sentencing recommendation. The Government may rely on or submit any information, including relevant conduct, in support of its

**Plea Agreement**                                 10                                Rev. March 2022

recommendation regardless of whether the agreement or the pre-sentence investigation report contain this information.  Any exception must be specified in this agreement.

      2.    **Acceptance of Responsibility.**  If the Defendant clearly accepts responsibility for the offense, the Defendant will be entitled to a reduction of two levels in the combined adjusted offense level under USSG § 3E1.1(a).

      3.    **Downward Departure or Variance Request by Defendant.**  If the Defendant wishes to seek a departure or variance, the Defendant must provide written notice to the Government, along with the reasons and basis therefore, 21 days before the date set for sentencing.

## VI.   WAIVER OF RIGHT TO DIRECT APPEAL AND TO COLLATERAL ATTACK UNDER 28 U.S.C. § 2255

      A.    <u>Waiver.</u>  In exchange for this agreement, and except as provided in subparagraph B, the Defendant waives any right to appeal or collaterally attack the plea, conviction, judgment, and sentence, including forfeiture and restitution.  This waiver includes any challenge to the constitutionality of any statute of conviction including arguments that the admitted conduct does not fall within any statute of conviction.

    The Defendant acknowledges that this waiver will result in the dismissal of any direct appeal or collateral attack the Defendant might file seeking to challenge the plea, conviction, or sentence in this case.  Further, the filing of such an appeal or collateral attack will breach this agreement and allow the Government to withdraw from it, as well as to take other remedial action.

    If the Defendant believes the Government has not fulfilled its obligations under this agreement, the Defendant will object at the time of sentencing; further objections are waived.

      B.    <u>Exceptions.</u>

1. **Direct Appeal.** Notwithstanding subparagraph A, the Defendant may file one direct appeal if one of the following unusual circumstances occurs:

   a. the sentence imposed by the Court exceeds the statutory maximum;

   b. the Court arrived at an advisory sentencing guidelines range by applying an upward departure under chapter 5K of the relevant sentencing guidelines manual; or

   c. the Court exercised its discretion under 18 U.S.C. § 3553(a) to impose a sentence that exceeds the advisory sentencing guidelines range as determined by the Court.

The Defendant understands that the above circumstances occur rarely and that in most cases this agreement completely waives all appellate rights.

2. **Motion Under 28 U.S.C. § 2255.** Notwithstanding subparagraph A, the Defendant may file an ineffective assistance of counsel claim in a 28 U.S.C. § 2255 motion.

## VII.  PROVIDING INFORMATION FOR THE PRESENTENCE REPORT

The Defendant agrees to provide financial information and any other information requested by a representative of the United States probation office for use in preparing a pre-sentence investigation report, and agrees that the United States probation office may share all financial information with the Government. Failure to execute releases or to provide information for the pre-sentence investigation report violates this agreement and relieves the Government of its obligations from it. Such failure will not, however, constitute grounds for withdrawing the plea of guilty unless the Government so requests. Providing materially false information will subject the Defendant to additional penalties, including an enhancement under USSG § 3C1.1.

## VIII.  DISCLOSING FINANCIAL INFORMATION

The Defendant agrees to disclose all the Defendant's assets and sources of income to the Government, including all assets over which the Defendant exercises or exercised direct or indirect control, or in which the Defendant has any financial interest. This includes all

community property. The Defendant also agrees to cooperate in obtaining any records relating to ownership of assets when sought by the Government. The Defendant agrees truthfully to complete a personal financial statement within 14 days from the date the Defendant signs this agreement or from the date the financial statement is provided to the Defendant or counsel, whichever is later. The Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within 7 days of the event giving rise to the changed circumstances. The failure timely and accurately to complete, sign, and update the financial statements may constitute failure to accept responsibility under USSG § 3E1.1, as well as other things.

The Defendant authorizes the Government: (a) to obtain a credit report on the Defendant; (b) to inspect and copy all financial documents and information held by the United States probation office; and (c) to obtain all financial records related to the Defendant.

Before sentencing, Defendant agrees not to dissipate any assets without the consent of both the Government's financial litigation unit and asset forfeiture unit. If any assets are sold, any sale proceeds will be deposited with the Clerk of Court and, upon sentencing, paid toward any monetary penalties ordered in the judgment.

### IX. NO RIGHT TO WITHDRAW PLEA

The Defendant understands that the Court may not follow the recommendations or requests made by the parties at the time of sentencing. The Defendant cannot withdraw from this agreement or the guilty plea, regardless of the Court's actions.

### X. CONSEQUENCES OF VIOLATING AGREEMENT

A. **Government's Options.** If the Defendant fails to keep any promise in this agreement or commits a new crime, the Government is relieved of any obligation: 1) to make a sentencing recommendation consistent with the terms promised in this agreement; and 2) not to

prosecute the Defendant on other charges, including charges not pursued due to this agreement. Such charges may be brought without prior notice. If the Government determines that a breach warrants prosecution before sentencing, it may withdraw from this agreement in its entirety. In addition, if the Government determines after sentence is imposed that the Defendant's breach of the agreement warrants further prosecution, the Government may choose between letting the conviction(s) under this agreement stand or vacating such conviction(s) so that charge(s) may be re-prosecuted.

The Government's election to pursue any of the above options provides no basis for the Defendant to withdraw the guilty plea(s) made pursuant to this agreement.

B. **Defendant's Waiver of Rights.** If the Defendant fails to keep any promise made in this agreement, the Defendant gives up the right not to be placed twice in jeopardy for the offense(s) to which the Defendant entered a plea of guilty or which were dismissed under this agreement. In addition, for any charge that is brought as a result of the Defendant's failure to keep this agreement, the Defendant gives up: (1) any right under the Constitution and laws of the United States to be charged or tried in a more speedy manner; and (2) the right to be charged within the applicable statute of limitations period if the statute of limitations has expired.

Furthermore, if the Defendant does not enter an acceptable plea, the Government will move to continue the trial now set to allow the Government adequate time to prepare. The Defendant agrees not to contest such a continuance and agrees that the resulting delay would be excludable time under 18 U.S.C. § 3161(h).

XI. **MISCELLANEOUS**

A. **No Other Terms.** This agreement is the complete understanding between the parties, and no other promises have been made by the Government to the Defendant or to the attorney for the Defendant. This agreement does not prevent any governmental agency from

pursuing civil or administrative actions against the Defendant or any property. Unless an exception to this paragraph is explicitly set forth elsewhere in this document, this agreement does not bind or obligate governmental entities other than that specified as the Government in this agreement (i.e., the United States Attorney's Office for the District of Idaho).

B. **Plea Agreement Acceptance Deadline.** This plea offer is explicitly conditioned on the Defendant's notification of acceptance of this agreement no later than 5:00 p.m. on August 3, 2023.

## XII. UNITED STATES' APPROVAL

I have reviewed this matter and the agreement. This agreement constitutes a formal plea offer from the Government. Any oral discussions with the Defendant and defense counsel about a plea do not constitute a plea offer. Any written offer or agreement made before this agreement is no longer a valid offer by the Government and is rescinded. I agree on behalf of the United States that the terms and conditions set forth above are appropriate and are in the best interests of justice.

JOSHUA D. HURWIT
UNITED STATES ATTORNEY
By:

_____          _8/3/23_____
CHRISTOPHER A. BOOKER              Date
Assistant United States Attorney

## XIII. ACCEPTANCE BY DEFENDANT AND COUNSEL

I have read and carefully reviewed every part of this agreement with my attorney. I understand the agreement and its effect upon my potential sentence. Furthermore, I have discussed all of my rights with my attorney, and I understand those rights. No other promises or inducements have been made to me, directly or indirectly, by any agent of the Government,

**Plea Agreement**                           15                           Rev. March 2022

including any Assistant United States Attorney, concerning the plea to be entered in this case. I understand that this agreement is a formal plea offer from the Government. Any oral discussions between the Government and me or my counsel about a plea do not constitute a plea offer. Any written offer or agreement made before this agreement is no longer valid and is rescinded. In addition, no one has threatened or coerced me to do, or to refrain from doing, anything in connection with this case, including entering a guilty plea. I understand that, if I am not a citizen or naturalized citizen of the United States, by pleading guilty in this case it is virtually certain that I will be removed from the United States. I am satisfied with my attorney's advice and representation in this case.

_____     8-3-23
Timber Laveral Roberts                              Date
Defendant

I have read this agreement and have discussed the contents of the agreement with my client. This document accurately sets forth the entirety of the agreement. I have conveyed all written offers from the Government to the Defendant pursuant to *Missouri v. Frye*, 566 U.S. 134, 144-47 (2012). I understand that this agreement is a formal plea offer from the Government. Any oral discussions between the Government and me or my client about a plea do not constitute a plea offer. Any written offer or agreement made before this agreement is no longer valid and is rescinded. I have discussed with my client the fact that if my client is not a citizen or naturalized citizen of the United States, it is virtually certain that my client will be removed from the United States. [by virtue of pleading guilty in this case] I concur in my client's decision to plead guilty as set forth above.

_____     8/3/23
Marco DeAngelo                                        Date
Attorney for the Defendant

**Plea Agreement**                                   16                                   Rev. March 2022